# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2838

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Jeremiah Burleson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 15, 2002

Filed: January 24, 2002

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

After Jeremiah Burleson served his criminal sentence, he was conditionally released to the Indian Trails Mental Health Facility in Topeka, Kansas (Indian Trails). While at Indian Trails, Burleson removed $500 from a staff member's office. The money did belong to Burleson, but Burleson was not allowed to enter the staff member's office or to remove the money. After this incident, Burleson became unruly and threatened Indian Trails staff members. At Indian Trails's request,

Burleson was removed. The district court[*] revoked the conditional release which had allowed Burleson to reside at Indian Trails, adopting the conclusion of two psychological reports and the magistrate judge: Burleson would likely be a danger to other persons or property if released unconditionally. The court also ordered that continuing efforts should be made to place Burleson in an appropriate state placement or conditional release plan, but because neither option is currently available, Burleson is now in prison. Burleson appeals the revocation of his conditional release.

If a person released to a medical facility under a conditional discharge violates the prescribed treatment plan, a federal district court must determine "whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of . . . treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(f) (1994).

Burleson first argues the court wrongly applied this statute to his case because his rule-breaking and disruptive behavior at Indian Trails did not constitute a failure to comply with the prescribed treatment regimen. See United States v. McAllister, 225 F.3d 982, 986 (8th Cir. 2000) (de novo review). At the hearing to determine whether the conditional release should be revoked, however, Burleson's attorney stated: "I've talked to Mr. Burleson and while he denies the specific allegation of taking the $500, he does admit that thereafter he became unruly and that would probably be a sufficient basis for the revocation." J.A. at 31. Generally, a patient's violation of the rules of a medical facility is a sufficient reason for the court to revoke the individual's conditional release. See United States v. Woods, 970 F. Supp. 711, 713 (D. Minn. 1997). In this case, the district court reasonably concluded Burleson's rule breaking and aggressive behavior at Indian Hills violated his treatment plan and

---

[*]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

thus triggered the application of the statute, requiring the court to reevaluate an appropriate remedy for Burleson.

Burleson also argues the district court committed clear error in reaching its factual conclusion that Burleson's unconditional release would create a risk of harm to another person or to property. See United States v. Steil, 916 F.2d 485, 487-88 (8th Cir. 1990) (standard of review). The district court's conclusion was based on two independent, thorough psychological reports which both concluded Burleson's unconditional release could be a risk of harm to another person or to property because of his intermittent explosive disorder and mild mental retardation. See J.A. at 15, 25. Given these facts, the district court's conclusion about Burleson's dangerousness is free from clear error.

In sum, the district court properly applied the law and reasonably interpreted the facts in Burleson's case. Thus, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.